IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JACQUELINE TAYLOR,
          Plaintiff,

v.                                       Civil Action No. 3:16-cv-248

AHOLD, USA/MARTIN'S
FOOD & PHARMACY,
          Defendant.

## OPINION

The plaintiff, Jacqueline Taylor, filed a motion to proceed in forma pauperis and complaint against Ahold, USA/Martin's Food & Pharmacy ("Martin's"). She alleges a number of violations all arising out of Martin's alleged failure to honor its agreement with her to jointly host a bike race. She alleges that Martin's took her ideas for the race and then planned and held the bike race without her. The Court finds that Taylor is unable to pay the costs of proceeding in the instant case. Accordingly, the Court grants Taylor's motion to proceed in forma pauperis. The Court, however, dismisses the complaint without prejudice for failure to state a claim upon which the Court may grant relief.

## I. BACKGROUND

Taylor approached Martin's staff to propose that they work together to coordinate a charity bike race to support her charity, St. Francis' Children Services and Care-A-Van programs. She alleges that Martin's initially responded positively to the idea. She described her plan to Martin's and identified potential sponsors who might be interested in promoting the race. She later learned that Martin's had planned and held a bike race without her. She alleges that it used her "copyrighted" plan and supports that contention by pointing out that Martin's used many of the same sponsors that she had identified for its race.

Taylor's complaint has four counts: Count I – violation of federal criminal law for trafficking in counterfeit labels, illicit labels or counterfeit documentation or packaging and criminal infringement of a copyright under 18 U.S.C. §§ 2318-2319; Count II – criminal infringement of a copyright under 17 U.S.C. § 506; Count III – violation of Article 1 Section 8 of the United States Constitution; and Count IV – breach of defendant's published code of ethics.

## II. DISCUSSION

In proceedings in forma pauperis, the Court may dismiss the case at any time if the court finds that the action fails to state a claim upon which the Court may grant relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).

When interpreting a pro se complaint, the Court must afford the complaint a liberal construction. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* The Fourth Circuit has stated: "[T]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

Count I fails to state a claim under 18 U.S.C. § 2318 because Taylor has not alleged that Martin's actions constitute trafficking. Section 2318, a federal criminal law, has a civil suit provision and states that "any copyright owner who is injured, or is threatened with injury, by a violation of subsection (a) may bring a civil action in an appropriate United States district court." 18 U.S.C. § 2318. Under subsection (a), a defendant must traffic in counterfeit labels or other copyright infringing items to violate the statute. *Id.* The statute refers to § 2320 to define traffic. That section defines traffic as "means to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export,

2

obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of." 18 U.S.C. § 2320. The plaintiff has failed to allege how the defendant's actions constitute trafficking. Thus, the plaintiff has failed to state a claim under § 2318.

Count I fails to state a claim under 18 U.S.C. § 2319 because § 2319, a federal criminal statute, does not have a civil suit provision. Consequently, only the United States can bring a suit under this statute, so the plaintiff has failed to state a claim under § 2319.

Count II alleges a violation under 17 U.S.C. § 506, a criminal law that punishes infringement under § 2319 that "was committed--(A) for purposes of commercial advantage or private financial gain" 17 U.S.C. § 506. Again, § 506 is a federal criminal law that does not have a private right of action. Consequently, only the United States can bring a suit under this statute, so the plaintiff has failed to state a claim under § 506.

Count III fails to state a claim because private individuals cannot sue private parties under Article I Section 8 of the United States Constitution. Article I, Section 8 addresses the powers of Congress. *See* U.S. Const. art. I, § 8, cl. 1 ("The Congress shall have Power To …"). Nothing in its language indicates that it regulates the conduct of private parties. Consequently, the plaintiff has failed to state a claim upon which the Court may grant relief.

Finally, Count IV fails to state a claim, because neither Virginia law nor federal law has a standalone provision to sue a private party for a violation of its own code of ethics. The plaintiff, therefore, has not stated a claim upon which the Court may grant relief.

## III. CONCLUSION

For the reasons stated above the plaintiff has failed to state a claim upon which the Court may grant relief. Accordingly, the Court GRANTS the plaintiff's motion to proceed in forma pauperis and DISMISSES the complaint WITHOUT PREJUDICE.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to the pro se plaintiff.

Date: <u>May 2, 2016</u>
Richmond, VA

/s/

John A. Gibney, Jr.
United States District Judge

4